IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39231-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ZACHERY THOMAS LITTLE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Zachery Little appeals two legal financial obligations (LFOs), imposed as a result of his criminal felony conviction: a $500 crime victim penalty assessment (VPA) and a $100 DNA collection fee. The State concedes both LFOs must be struck based on recent statutory changes. We accept the State's concessions and remand this matter for the limited purpose of striking the two LFOs.

## BACKGROUND

A jury convicted Zachery Little of one count of attempting to elude a pursuing police vehicle. At sentencing, the trial court recognized Mr. Little's track record of gainful employment, but reasoned it would nevertheless impose only mandatory LFOs.

The court explained, "[T]here will be a $500 [VPA] and the $100 DNA fee. And I'm not going to assess any other penalties; I don't want to start you in the hole too badly." Rep. of Proc. (Sept. 7, 2022) at 460. The court's written judgment was consistent with these oral rulings.

Mr. Little appealed his judgment and sentence. The trial court entered an order of indigency entitling Mr. Little to the appointment of appellate counsel at public expense, finding he "lack[ed] sufficient funds to prosecute an appeal." Clerk's Papers at 154.

ANALYSIS

The only issues on appeal pertain to imposition of the LFOs. Mr. Little asks for relief from the $500 VPA and $100 DNA collection fee based on his indigence and recent statutory changes. The State concedes. We accept the State's concession and remand with instructions to strike the two LFOs.

Under former RCW 7.68.035(1)(a) (2018), the trial court was required to impose a VPA on any individual convicted of a crime. But effective July 1, 2023, the legislature amended the statute to preclude imposition of a VPA on defendants found to be indigent as defined by RCW 10.01.160(3). *See* RCW 7.68.035(4). Although the changes to the VPA statute took effect after Mr. Little's sentencing, they apply prospectively to his case because it is pending on direct review. *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d

1048 (2023) (citing *State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018)).

Mr. Little asks this court to remand for the trial court to consider whether he is excused from the VPA fee on the basis of indigence. However, the State indicates it is already satisfied Mr. Little "does not have the ability to pay." RCW 7.68.035(5)(b). Thus, any motion in the trial court filed by Mr. Little would be unopposed. Given this circumstance, we accept the State's concession and remand with instructions to strike the VPA.

The DNA collection fee statute has also changed during the pendency of Mr. Little's case. Under former RCW 43.43.7541 (2018), the trial court was required to impose a DNA collection fee of $100 for listed felony offenses. But effective July 1, 2023, the legislature eliminated this provision. *See* LAWS OF 2023, ch. 449, § 4. The new DNA statute applies to Mr. Little's case because it is pending on direct review. *See Ellis*, 27 Wn. App. 2d at 17; *State v. Reed*, ___ Wn. App. 2d ___, 538 P.3d 946, 946-47 (2023).

The State concedes that the new DNA collection statute applies to Mr. Little's case and that the $100 collection fee must be stricken from Mr. Little's sentence. We accept this concession and remand with instructions to strike the DNA collection fee.

No. 39231-7-III
*State v. Little*


CONCLUSION

This matter is remanded with instructions to strike the VPA and DNA collection

fee from Mr. Little's judgment and sentence.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

4